IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-377-BR

NATASHA RENEE CANNON BENSON,
    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH
AMERICA d/b/a CIGNA GROUP
INSURANCE; RBC USA HOLDCO
CORPORATION; RBC CAPITAL
MARKETS HOLDING (USA),
    Defendants.

ORDER

    This matter is before the court on defendants' motion to partially dismiss plaintiff's complaint. (DE # 11.)

## I. BACKGROUND

    Plaintiff filed this lawsuit on 17 February 2014 in Johnston County Superior Court, North Carolina, seeking payment of benefits under both a short-term and long-term disability policy. (DE # 1-2.) Defendants removed the case to this court on 1 July 2014, (DE # 1), and filed the instant motion to partially dismiss on 29 July 2014, (DE # 11). Plaintiff did not file a response to defendants' motion.

    Plaintiff was an employee of RBC Insurance Company, a subsidiary of RBC USA Holdco Corporation, when she experienced the alleged disabilities that gave rise to her claims for benefits. (Compl., DE # 1-2, ¶¶ 4, 7.) She was covered by RBC Capital Markets Holdings (USA)'s[1] ("RBC Capital") self-funded salary continuation plan, a short-term disability policy.

---

[1] RBC USA Holdco Corporation and RBC Capital Markets Holdings (USA) will be referred to collectively as the "RBC defendants."

(Id. ¶ 9; DE # 12-1, at 1.)[2]  Benefit payments under this policy "are processed on the regular payroll schedule, and [] taxed as regular income."  (DE # 12-1, at 20.)  Life Insurance Company of North America ("LINA") administered the short-term disability policy and provided various services related to it, such as reviewing claims and advising whether a claim is payable under the policy.  (Id. at 6.)  However, RBC Capital was "responsible for making the final decision with respect to all claims . . . and for funding and issuing all benefit payments."  (Id. at 6, 7.)  Plaintiff was also covered by a long-term disability policy issued by LINA to RBC Capital.  (Compl., DE # 1-2, ¶ 10.)

In June of 2010, plaintiff stopped working due to alleged disabilities.  (Id. ¶¶ 11-19.)  She received short-term disability benefits between 10 June 2010 and 8 July 2010, (id. ¶ 19), but was denied further benefits, (id. ¶ 21).  Plaintiff filed a claim for long-term disability benefits beginning 8 September 2010, which was also denied.  (Id. ¶ 23.)

Based on the denial of benefits, plaintiff asserts several federal and state law claims against defendants, namely, principal-agent liability, (id. ¶¶ 27-30); breach of contract, (id. ¶¶ 31-38); unfair and deceptive trade practices against LINA only, (id. ¶¶ 39-45); Employee Retirement Income Security Act ("ERISA") violations, (id. ¶¶ 46-55); and punitive damages against LINA only, (id. ¶¶ 56-60).

## II. STANDARD OF REVIEW

Defendants move to partially dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  This rule permits a court to dismiss an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To state a claim, a

---

[2]Citation is to the page numbers assigned by the court's electronic filing system.

complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A 12(b)(6) motion should only be granted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).  However, a complaint that proffers only "a formulaic recitation of the elements of a cause of action" with no "further factual enhancement" is insufficient.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  To survive dismissal, a party must come forward with "enough facts to state a claim to relief that is plausible on its face." Id. at 548.  The plausibility standard is met "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).  The court must accept as true all well-pleaded allegations and must draw all reasonable factual inferences in favor of the plaintiff.  See Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005); Myan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

A court may consider documents not attached to a complaint without converting a motion to dismiss into a summary judgment motion when such documents are "integral to and explicitly relied on in the complaint and [where] the [plaintiff does] not challenge [the documents'] authenticity." Phillips v. LCI Intern., Inc., 190 F.3d 609, 618 (4th Cir. 1999).  Defendants may attach such documents to a motion to dismiss without converting it into a summary judgment motion.  Gasner v. Cnty of Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (allowing the defendant to attach a "pertinent document" to its motion to dismiss without converting the motion into one for summary judgment).  In the complaint, plaintiff cites both policies at issue by number. (Compl., DE # 1-2, ¶¶ 8-10.)  She obviously relies on them to support her claims

3

and has expressed no opposition to the court's consideration of them.  Accordingly, the court will consider the short-term and long-term policies attached to defendants' motion and notice of removal, respectively.

### III. DISCUSSION

Defendants argue that the only claims that can survive dismissal under Rule 12(b)(6) are: 1) the breach of contract claim against the RBC defendants with respect to the short-term disability policy; and 2) the claim for long-term benefits and attorneys' fees against LINA under ERISA.  (DE # 12, at 3.)  The court considers each claim plaintiff alleges in turn.

With regard to plaintiff's first claim, entitled, "Principal liable for actions of agent," (Compl., DE # 1-2, at 6), she has failed to state a cognizable claim.  *Respondeat superior* is not a stand-alone cause of action.  See Buchanan v. Fairfield Resorts, Inc., No. 1:04CV725, 2005 WL 3157580, at *3 (M.D.N.C. Nov. 25, 2005) ("*Respondeat superior* is not an independent cause of action. . . .  [It] is only a means to impute liability in some other cause of action.").  Accordingly, this claim will be dismissed.

Second, plaintiff asserts a breach of contract claim against all defendants for failure to pay benefits under the short and long-term disability policies.  The long-term disability policy is governed by ERISA.  (DE # 1, at 24; see also Compl., DE # 1-2, ¶¶ 50, 52.)  "ERISA preempts 'any and all State laws insofar as they . . . relate to any employee benefit plan.'"  Coyne & Delany Co. v. Selman, 98 F.3d 1457, 1467 (4th Cir. 1996) (internal citations omitted).  Consequently, plaintiff's breach of contract claim as relating to the long-term disability policy will be dismissed as preempted by ERISA.  See Lippard v. Unumprovident Corp., 261 F. Supp. 2d 368, 375 (M.D.N.C. 2003) (holding that plaintiff's breach of contract and unfair trade

4

practices claims were "preempted by ERISA because they relate to an employee benefit plan").

With regard to the short-term disability policy, ERISA has no preemptive effect. ERISA applies only to "employee benefit plans," which the Act defines as any "employee pension benefit plan" or "employee welfare benefit plan." 29 U.S.C. § 1002(3). Federal regulations specifically exclude "payroll practices" from the definition of "employee welfare benefit plan." 29 C.F.R. § 2510.3-1(b). The definition of "payroll practices" includes "[p]ayment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties." Id., § 2510.3-1(b)(2). Several courts have found that short-term disability and sick-leave policies fall under the "payroll practice" exception when they are paid from an employer's general assets. See Langley v. DaimlerChrysler Corp., 502 F.3d 475, 479 (6th Cir. 2007); Shea v. Wells Fargo Armored Serv. Corp., 810 F.2d 372, 376 (2d Cir. 1987); Norberry v. Life Ins. Co. of N. Am., No. 3:07-1298, 2009 WL 259371, at *10 (M.D. Tenn. Feb. 4, 2009).

The "Claim Consulting Agreement" regarding the short-term policy between RBC Capital and LINA states that RBC Capital "sponsors a self-funded salary continuance plan [] for its employees" and processes all benefits itself "on the regular payroll schedule." (DE # 12-1, at 1, 20.) RBC Capital's short-term disability policy amounts to a "payroll practice" because, as the consulting agreement indicates, the company compensates employees out of its general assets. (Id.) It is therefore not governed or preempted by ERISA. See Norberry, 2009 WL 259371, at *10 (finding that an employer's short-term disability policy, under which LINA served as a consultant, constituted a "payroll practice" and was therefore exempt from ERISA's coverage). Thus, plaintiff's breach of contract claim regarding the short-term policy may move

5

forward.

In order to state a valid claim for breach of contract under North Carolina law, a plaintiff "must either show [she] was in privity of contract, or [she] is a direct beneficiary of the contract." Lee Cycle Ctr., Inc. v. Wilson Cycle Ctr., Inc., 545 S.E.2d 745, 751 (N.C. Ct. App. 2001). The consulting agreement between RBC Capital and LINA states:

> Consultant shall not underwrite any risk of the Plan. All liability for payment of claims made under the Plan shall rest with Employer. Consultant acts only as the provider of the services described in this Agreement and, *with respect to Plan participants, acts only as the agent of the Employer*.

(DE # 12-1, at 3 (emphasis added.).) To the extent that the short-term policy amounts to a binding contract, the consulting agreement indicates that it is one between RBC Capital and its employees.[3] This suggests that plaintiff was not in privity of contract with LINA regarding the short-term policy, and plaintiff has failed to present facts alleging otherwise. She has also failed to allege facts showing she was a direct beneficiary to any contract between RBC Capital and LINA. Thus, her only possible breach of contract action lies against the RBC defendants.[4] Cf. Felman Prod., Inc. v. Indus. Risk Insurers, Civil Action No. 3:09-0481, 2009 WL 3380345, at *2 (S.D. W. Va. Oct. 19, 2009) ("Generally, an insured party cannot maintain a direct action against a reinsurer because the insured is neither a party to the reinsurance policy nor in privity therewith."); Brand v. AXA Equitable Life Ins. Co., CIV.A. No. 08-2859, 2008 WL 4279863, at *2 (E.D. Pa. Sept. 16, 2008) ("[I]t is the general rule that an insured may bring claims for breach

---

[3]The court makes no finding as to the existence of a contract between plaintiff and the RBC Defendants.

[4]The court notes that the parties have failed to make clear the relationship between RBC Capital and RBC USA Holdco Corporation. However, defendants concede that plaintiff's breach of contract claim "against the RBC defendants" with respect to the short term policy may survive the instant motion. (DE # 12, at 3.) Accordingly, the court will allow this claim to go forward against both RBC Capital and RBC USA Holdco Corporation.

of contract . . . against the insurer who issued the policy but not against related parties, such as . . . third party administrators, who are not in privity with the insured."). Accordingly, plaintiff's breach of contract claim under the short-term policy against LINA will be dismissed. Her breach of contract claim against the RBC defendants based on the short-term policy remains.

Plaintiff's third cause of action arises under North Carolina's Unfair and Deceptive Trade Practices Act. As related to the long-term policy, plaintiff's claim is preempted by ERISA for the same reasons as her breach of contract claim. See Lippard, 261 F. Supp. 2d at 375. Plaintiff alleges that defendants, in violation of N.C. Gen. Stat. § 58-63-15, "[failed] to promptly settle claims where liability has become reasonably clear . . ." and "[failed] to promptly provide a reasonable explanation of the basis in the insurance policy . . . for denial of a claim . . . ." (Compl., DE # 1-2, ¶¶ 44-45.) To state a claim under this statute, a plaintiff must allege that a defendant has engaged in the prohibited practice "with such frequency as to indicate a general business practice." N.C. Gen. Stat. § 58-63-15(11); see Johnson v. First Union Corp., 496 S.E.2d 1, 6 (N.C. Ct. App. 1998). Because plaintiff fails to allege that defendants' practices amount to a general business practice, her claims under the unfair and deceptive trade practices statute will be dismissed.

Plaintiff's fourth claim is asserted under ERISA, which provides a cause of action for a participant in an employee benefit plan "to recover benefits due . . . under the terms of [the] plan . . . ." 29 U.S.C. § 1132(a)(1)(B). As discussed above, only the long-term policy is governed by ERISA. Thus, plaintiff's ERISA claim regarding the payment of benefits under the short-term policy will be dismissed.

With regard to the long-term policy, plaintiff can only maintain an ERISA claim against

7

LINA. "[U]nless an employer is shown to control administration of an employee benefit plan, it is not a proper defendant in an ERISA action seeking benefits." Gluth v. Wal-Mart Stores, Inc., No. 96-1307, 1997 WL 368625, at *6 n.8 (4th Cir. July 3, 1997). The proper defendant is the party which has discretionary authority over the denial of ERISA benefits. See Ankney v. Metro. Life Ins., 438 F. Supp. 2d 566, 574 (D. Md. 2006). Under the long-term disability policy, (DE # 1-1, at 24), "LINA is the named fiduciary with the responsibility to interpret the provisions of the group policy and to determine eligibility for benefits under the [policy]," (Mem., DE # 12, at 8). Here, LINA was alone tasked with "determin[ing] whether or not benefits are payable in accordance with the terms of the Policy." (DE # 1-1, at 24.) Accordingly, plaintiff's claim for long-term benefits under ERISA must be dismissed as to the RBC defendants.

Plaintiff's fifth claim arises under 29 U.S.C. § 1132(a)(3), ERISA's provision that has been interpreted to encompass a cause of action for breach of fiduciary duty. See Varity Corp. v. Howe, 516 U.S. 489, 512, 515 (1996) (holding that individual plan beneficiaries have a right of action under § 1132(a)(3) for breach of fiduciary duty); Hoyle v. Liberty Life Assur. Co. of Boston, Inc., 291 F. Supp. 2d 414, 417 (W.D.N.C. 2003). Defendants argue that plaintiff cannot maintain a cause of action under § 1132(a)(3) when she has an available remedy under § 1132(a)(1)(B). (Mem., DE # 12, at 9.) The court agrees. "Where, [as here], a plaintiff seeks a remedy for the wrongful denial of benefits under ERISA, § [1132(a)(1)(B)] provides that remedy, and she may not pursue a claim for breach of fiduciary duty under § [1132(a)(3)] related to the alleged wrongful denial of benefits . . . ." Hoyle, 291 F. Supp. 2d at 417. Because plaintiff has an available remedy under § 1132(a)(1)(B) for denial of benefits, a claim for breach of fiduciary duty in administering the benefit plan is not appropriate. Thus, her claim under §

8

1132(a)(3) will be dismissed.

Finally, plaintiff seeks punitive damages for LINA's "reckless, willful, and wanton disregard for Plaintiff's . . . rights under the [policies]." (Compl., DE # 1-2, ¶ 58.) ERISA's civil enforcement provisions do not allow for extracontractual damages arising out of improper handling of claims. See <u>Mass. Mutual Life Ins. Co. v. Russell</u>, 473 U.S. 134, 148 (1985); <u>Tingler v. Unum Life Ins. Co.</u>, No. Civ.A. 6:02-1285, 2003 WL 1746202, at *5 (S.D. W. Va. Apr. 2, 2003). Thus, any claim for punitive damages related to the denial of benefits under the long-term policy is preempted by ERISA, and plaintiff's claim for punitive damages will be dismissed.

## IV. CONCLUSION

Based on the foregoing, defendants' motion to partially dismiss plaintiff's complaint is GRANTED. Plaintiff's breach of contract claim under the short-term policy against the RBC defendants and her ERISA claim for benefits and attorneys' fees under the long-term policy against LINA remain. All other claims are DISMISSED.

This 24 September 2014.

_____
W. Earl Britt
Senior U.S. District Judge

9

Case 5:14-cv-00377-BR   Document 14   Filed 09/24/14   Page 9 of 9