IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-377-BR

NATASHA RENEE CANNON BENSON,
        Plaintiff,

    v.

LIFE INSURANCE COMPANY OF NORTH                  ORDER
AMERICA d/b/a CIGNA GROUP
INSURANCE; RBC USA HOLDCO
CORPORATION; RBC CAPITAL
MARKETS HOLDING (USA),
        Defendants.

This matter is before the court on defendant Life Insurance Company of North America's

("LINA") motion for judgment on the pleadings. (DE # 20.)

## I. BACKGROUND

Plaintiff filed this lawsuit on 17 February 2014 in Johnston County Superior Court, North

Carolina, seeking payment of benefits under both a short-term and long-term disability policy.

(DE # 1-2.) Defendants removed the case to this court on 1 July 2014. (DE # 1).

Plaintiff was an employee of RBC Insurance Company, a subsidiary of RBC USA

Holdco Corporation, when she experienced the alleged disabilities that gave rise to her claims

for benefits. (Compl., DE # 1-2, ¶¶ 4, 7.) She was covered by RBC Capital Markets Holdings

(USA)'s[1] ("RBC Capital") self-funded salary continuation plan, a short-term disability policy.

(Id. ¶ 9; DE # 12-1, at 1.)[2] Plaintiff was also covered by a long-term disability policy issued by

LINA to RBC Capital. (DE # 1-1; Compl., DE # 1-2, ¶ 10.) This policy was governed by the

---

[1]RBC USA Holdco Corporation and RBC Capital Markets Holdings (USA) will be referred to collectively
as the "RBC defendants."

[2]Citation is to the page numbers assigned by the court's electronic filing system.

Employee Retirement Income Security Act ("ERISA"). (DE # 1-1, at 24; Compl., DE # 1-2, ¶ 50.)

In June of 2010, plaintiff stopped working due to alleged disabilities. (Compl., DE # 1-2, ¶¶ 11-19.) She received short-term disability benefits between 10 June 2010 and 8 July 2010, (id. ¶ 19), but was denied further benefits, (id. ¶ 21). Plaintiff filed a claim for long-term disability benefits which was denied by letter on 3 August 2010. (Id. ¶ 23; DE # 19-3.) She appealed the denial of short-term and long-term benefits on 11 October 2010. (DE # 19-1.) By letter dated 18 February 2011, LINA upheld its denial of long-term benefits. (Compl., DE # 1-2, ¶ 23; DE # 19-4.) This letter informed plaintiff of her "right to bring legal action regarding [her] claim under the ERISA section 502(a)." (DE # 19-4, at 2.) As of 18 February 2011 — the date plaintiff's appeal was denied — she had exhausted all administrative remedies. (Compl., DE # 1-2, ¶¶ 35, 48; DE # 20-1, at 5.)

Based on the denial of benefits, plaintiff brought legal action against defendants, asserting several federal and state law claims. (Compl., DE # 1-2, ¶¶ 27-60.) On 29 July 2014, defendants filed a motion to partially dismiss plaintiff's complaint. (DE # 11). This court granted the motion on 24 September 2014. (DE # 14.) On 8 October 2014, defendants filed their answer to the complaint, (DE # 19), and LINA filed the instant motion, (DE # 20). Plaintiff has not responded to the motion.

Plaintiff has two remaining claims: 1) breach of contract under the short-term policy against the RBC defendants, and 2) failure to pay long-term benefits under ERISA against LINA. (DE # 14, at 9.) In the instant motion for judgment on the pleadings, LINA seeks dismissal of plaintiff's ERISA claim. (DE # 20-1, at 1.)

## II. STANDARD OF REVIEW

LINA has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The same standard applies to both Rule 12(c) and Rule 12(b)(6) motions: "Taking the nonmoving party's allegations as true, dismissal is inappropriate unless it appears beyond doubt that the non-moving party can prove no facts sufficient to support his claim for relief." See Eagle Nation, Inc. v. Market Force, Inc., 180 F. Supp. 2d 752, 754 (E.D.N.C. 2001) (internal citations omitted). A claim can survive a 12(c) motion if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard is met "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. The court must accept as true all well-pleaded allegations and must draw all reasonable factual inferences in favor of the plaintiff. See Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005). At this stage, a "court may consider documents incorporated by reference in the pleadings" without converting a 12(c) motion into a motion for summary judgment.[3] See Parks v. Alteon, Inc., 161 F. Supp. 2d 645, 649 n.1 (M.D.N.C. 2001); Caffrey v. Four Oaks Bank and Trust Co., No. 5:10-cv-341-FL, 2011 WL 2580674, at *1 n.1 (E.D.N.C. June 29, 2011).

---

[3]In her complaint, plaintiff cites the long-term policy. (Compl., DE # 1-2, ¶¶ 8,10.) She obviously relies on the terms of the policy to support her claims and has expressed no opposition to the court's consideration of it. Additionally, defendants have attached as exhibits to their answer several letters that plaintiff cites in her complaint. Accordingly, the court will consider these documents.

### III. DISCUSSION

An employee who participates in a benefit plan covered by ERISA can bring a civil

action pursuant to § 502(a)(1)(B) "to recover benefits due to [her] under the terms of [her] plan .

. . ." 29 U.S.C. § 1132(a)(1)(B). However, a beneficiary's cause of action does not accrue until

she "exhaust[s] internal review," which occurs when the insurer issues a final denial. See

Heimeshoff v. Hartford Life & Accident Ins. Co., 134 S. Ct. 604, 610 (2013). ERISA's civil

enforcement provision contains no statute of limitations. Id. Parties may fill this gap by

agreeing to a contractual limitations period, which often begins to run at the time proof of loss is

due. Id. At that time, the beneficiary has not had an opportunity to exhaust internal remedies,

and, thus, no cause of action has accrued. Id. Despite the fact that this often results in the

limitations period beginning to run before the cause of action accrues, the Supreme Court has

upheld such contractual limitations provisions. Id. In Heimeshoff, the Court held, "Absent a

controlling statute to the contrary, a participant and a plan may agree by contract to a particular

limitations period, even one that starts to run before the cause of action accrues, as long as the

period is reasonable." Id.

LINA argues that plaintiff's ERISA claim is time-barred by the policy itself, (DE # 20, at

1), which contains the following contractual limitations provision: "No action at law or in equity

may be brought to recover benefits under the Policy . . . more than 3 years after the time

satisfactory proof of loss is required to be furnished." (DE # 1-1, at 17.) In turn, the policy

requires that proof of loss "be given to [LINA] within 90 days after the date of the loss for which

a claim is made." (Id. at 16.)

Plaintiff's alleged disability date — the "date of the loss" — was 10 June 2010. (Compl.,

4

DE # 1-2, ¶¶ 11, 19.) Accordingly, the policy required her to submit her proof of loss by 8 September 2010 — 90 days later. The contractual limitations period mandated that any legal action be brought within three years of that date, or by 8 September 2013. Plaintiff exhausted all internal remedies by 18 February 2011, the date LINA denied her appeal. Thus, her cause of action accrued on 18 February 2011, more than 30 months before the contractual limitations period expired on 8 September 2013.

Plaintiff filed this action on 17 February 2014 — more than five months after the limitations period had run — despite the fact that she had over 30 months to file her complaint before the expiration of the limitations period. The court finds that the limitations provision afforded plaintiff a reasonable amount of time to file suit. See Heimeshoff, 134 S. Ct. at 612-13 (finding a contractual limitations period reasonable where beneficiary was "left with approximately one year in which to file [her ERISA claim]"). Accordingly, the court will enforce the agreed-upon contractual limitations period. Because plaintiff failed to file suit within the limitations period, her claim for benefits against LINA under ERISA, along with her attendant claim for attorneys' fees, will be dismissed.

## IV. CONCLUSION

Based on the foregoing, LINA's motion for judgment on the pleadings is GRANTED. LINA is DISMISSED from this action. Plaintiff's breach of contract claim under the short-term policy against the RBC defendants remains.

This 24 November 2014.

_____
W. Earl Britt
Senior U.S. District Judge